2026 IL App (1st) 260692-U

SIXTH DIVISION

July 10, 2026

No. 1-26-0692B

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 26CR1393 |
| HENRY HILL, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Sophia Atcherson, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Hyman and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held:*    We affirm the decision of the circuit court where the State met its burden under section 110-6.1 of the SAFE-T Act to detain the defendant for domestic battery and unlawful possession of a weapon.

¶ 2    Defendant Henry Hill appeals the circuit court's pretrial detention order pursuant to article 110 of the Code of Criminal Procedure of 1963, as amended by Public Act 101-652, § 10-255, and Public Act 102-1104, § 70 (eff. Jan 1, 2023) (725 ILCS 5/110-6.1) (West 2024) (commonly referred to as the "Safety, Accountability, Fairness and Equity-Today Act" or "SAFE-T Act") ("the Act"). On appeal, Hill argues that the State failed to demonstrate through clear and convincing evidence that: (1) the proof is evident or the presumption great that he committed a qualifying offense; (2) he poses a real and present threat to the safety of any person, persons, or the community; or (3) there are no conditions or combination of conditions that could mitigate that threat. For the following reasons, we affirm.

¶ 3                                      BACKGROUND

¶ 4    The Chicago Police Department arrested Hill on December 15, 2025, and charged him with two counts of Domestic Battery (720 ILCS 5/12-3.2(a)(1) (West 2024)); Aggravated Unlawful Possession of a Weapon ("AUPW") (720 ILCS 5/24-1.6(a)(2) (West 2024)); and Unlawful Possession of a Weapon by a Felon ("UPWF") (720 ILCS 5/24-1.1(a) (West 2024). The State filed a Petition for Pretrial Detention pursuant to Section 110-6.1 of the Act on December 16, 2025, and the circuit court held a hearing on the petition that same day. Judge Kimberly Przekota presided over the hearing.

¶ 5    The State proffered the following facts at the hearing. On December 15, 2025, Chicago police officers received a call about a man with a gun near the address of 6209 South Princeton Avenue. When officers arrived on location, Latrisha Spencer, Hill's former girlfriend, informed them that he was around the back of the residence. As the officers moved towards the rear of the residence, they observed Hill toss an unknown object over a chain fence before entering. Officers went to the area where Hill tossed the object and observed a loaded firearm with an extended

magazine. They then entered the residence and observed Hill fighting against Sanders and her then fifteen-year-old son. Officers then arrested Hill and observed visible marks on both Spencer and her son. Hill did not have a Firearm Owners Identification (FOID) card. The State further noted Hill received a felony conviction in 2009 for the manufacture and delivery of cannabis; a misdemeanor conviction for the same offense in 2016; and a 2021 conviction for battery in Las Vegas. The 2009 conviction included a charge for AUPW, which at the time was labeled as Aggravated Unlawful Use of a Weapon See 720 ILCS 5/24-1.6(a)(2) (West 2024) (eff. Jan. 1, 2018). Hill was also arrested in 2013 for domestic battery, in which the victim in that case relayed that he threw her against the wall, choked her, and punched her four times. The State argued that because Hill was a convicted felon at the time of the arrest and tossed a firearm upon seeing the officers who observed the injuries on Spencer and her son, pretrial detention was appropriate.

¶ 6    In response, Hill contended he and Spencer were in a verbal altercation, when her son attacked him. Hill also claimed he pled with Spencer to get control of her son. He noted this was not the first time the son had attacked him. Hill contended that, at the time of his arrest, he was endeavoring to extricate himself from the son.

¶ 7    He argued he did not possess a firearm, nor did he brandish or use a weapon in any way. Hill pointed out his prior convictions in Illinois were drug related, and the State did not offer any information about the conviction in Las Vegas. Hill is a lifelong resident of Cook County, and at the time of the arrest previously worked at Amazon for a year. He claimed if allowed pretrial release, he could continue to live with his sister.

¶ 8    The court ordered pretrial detention. The court found the State's proffer sufficiently showed by clear and convincing evidence that the proof is evident that Hill committed domestic battery when he struck Spencer and her son. In addition, Hill committed AUUW as per the proffer, officers

3

observed him throw an object – later discovered to be a loaded firearm with an extended magazine – over a fence. Because officers discovered Hill was a convicted felon, the court found the State met its burden. The court further found because Hill tossed a loaded firearm into the snow after observing the officers, he posed a real and present threat to Spencer, her son, and the community at large. Finally, the court took judicial notice of three warrants. Two of the warrants were for Hill's failure to appear in cases in Cook and Will Counties, and a third was for resisting or obstructing a peace officer in Cook County. The court noted the warrants involved behavior consistent with someone unlikely or unwilling to comply with court orders. The court found the use of electronic monitoring, GPS tracking, or lesser conditions would "only work if someone is willing to comply with them," and the warrants did not indicate Hill would follow the rules pertaining to those conditions. Furthermore, because Hill allegedly threw a firearm, when as a convicted felon, he should not have been in possession of one in the first place, the court found no lesser conditions would mitigate his risk to the community.

¶ 9    Hill filed a motion for relief on March 24, 2026, and argued the State did not meet its evidentiary burden under the Act. The court heard a hearing on the petition on March 31, 2026. Judge Sophia Atcherson presided over the hearing. The motion asserted the State's proffer relied on hearsay, and no evidence established that he possessed or exercised control of a firearm. It highlighted the State did not present body camera footage and the officers testified in a preliminary hearing they did not see a weapon leave Hill's hands. The State did not present any testimony from the victims that Hill struck them; instead, the proffer solely relied on the officers' testimony. The motion included an affidavit from Spencer which stated the incident between she and Hill was a verbal argument and that her son escalated the situation. Hill claimed the State could not rely on his prior convictions as his convictions in Illinois were drug charges and unrelated to the December

4

arrest. Hill argued that even if the court assumed the State showed he committed a qualifying offense and posed a threat, the State only relied on generalized assertions to claim lesser conditions would not mitigate that threat.

¶ 10    The court denied the motion. Judge Atchinson noted in addition to the facts presented in the proffer, the 2009 conviction included a weapons related charge along with the drug charge. While it also considered Spencer's affidavit, the court looked to the nature of the allegations as stated in the proffer and agreed with Judge Przekota's determination that the State met its burden to show Hill committed a qualifying offense. Next, Hill constituted a real and present threat because the proffer indicated that he not only allegedly battered Spencer and her son, but he also discarded the firearm after officers arrived. Finally, Hill's possession of a firearm despite his prior conviction, coupled with the outstanding failure-to-appear warrants at the time of his arrest, demonstrated that he was not likely to adhere to any conditions of release.

¶ 11    This appeal followed.

¶ 12                                    JURISDICTION

¶ 13    Hill filed his motion for relief on March 24, 2026, challenging the circuit court's December 16, 2025, pretrial detention order. The circuit court disposed of the motion on March 31, 2026. He filed his timely notice of appeal on April 2, 2026. This court has jurisdiction pursuant to Article VI of the Illinois Constitution (Ill. Const. art. VI, § 6); 725 ILCS 5/110-6.6 (West 2024); and Illinois Supreme Court Rule 604(h) (Ill. S. Ct. R. 604(h) (eff. Apr. 15, 2024)).

¶ 14                                    ANALYSIS

¶ 15    In amending the Code, the Act abolished monetary bail and established a default rule that all persons charged with an offense shall be eligible for pretrial release on personal recognizance. *Rowe v. Raoul*, 2023 IL 129248, ¶ 5. Section 110-2 of the Act presumes a defendant is entitled to

pretrial release. A defendant is denied release only if he is charged with a qualifying offense in section 110-6.1 and the court has held a hearing. 725 ILCS 5/110-2(a) (West 2024). Upon a verified petition from the State, the court shall hold a hearing and deny pretrial release only if the State proves by clear and convincing evidence: (1) the proof is evident or the presumption great that the defendant committed a qualifying offense as listed in section 110-6.1(a); (2) his pretrial release poses a real and present threat to the safety of any person, persons, or the community, based on the specific articulable facts of the case; and (3) no condition or combination of conditions can mitigate that threat. *Id*. § 110-6.1(a), (e). Domestic battery, AUPW, and UPWF are qualified offenses under section 110-6.1. *Id* § 110-6.1 (a)(3), (a)(6)(O). When the parties to a pretrial hearing proceed solely by proffer, the appellate court reviews the detention order *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54. The appellate court gives no deference to the decision of the circuit court, as during *de novo* review, it stands in the same position as the circuit court. *People v. Talbert*, 2026 IL App (1st) 260489, ¶ 32.

¶ 16    On appeal, Hill relies on the arguments presented in his motion for relief. See Ill. Sup. Ct. R 604(h)(7) (eff. Apr. 15, 2024). (Issues raised in the appellant's motion for relief in the circuit court are "before the appellate court regardless of whether the optional memorandum is filed."). The State also filed a response to the appeal, asking that we affirm the detention order.

¶ 17    In his motion, Hill first argues the State did not meet its evidentiary burden for detention under section 110-6.1(e). He contends the State did not provide "reliable, corroborated proof" that he possessed a firearm or committed domestic battery. Hill describes the State's proffer as mere allegation, and not definite proof. Yet section 110-6.1(e) does not require the State to prove the defendant committed the offense beyond a reasonable doubt. *People v. Woods*, 2024 IL App (4th) 240190, ¶ 14. Section 110-6.1 further allows the State to present evidence by way of proffer based

upon reliable information. 725 ILCS 5/110-6.1(f)(3). Hill does not challenge the reliability of the information proffered; rather he asserts the State relied almost entirely on "a hearsay summary of police reports and interpretive descriptions." In enacting section 110-6.1, the General Assembly directed that the rules concerning the admissibility of evidence in criminal trials "do not apply to the presentation and consideration of information at the [pretrial detention] hearing." *People v. Whitaker*, 2024 IL App (1st) 232009, ¶ 55. The State may utilize evidence of a defendant's criminal history, any written or recorded statements, police reports, and evidence in their proffer. *People v. Parker*, 2024 IL App (1st) 232164, ¶ 37. A police synopsis alone is sufficient for the State to meet its burden under section 110-6.1. *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 24.

¶ 18    Here, the State's proffer outlines that officers responded to a phone call about a man with a gun. When they arrived at the location, Spencer informed them a man was at the back of the residence, who would later be identified as Hill. The officers proceeded to the rear of the residence, where they observed Hill discard an unidentified object before entering the premises.

¶ 19    Officers followed and discovered a loaded, black handgun with an extended magazine in the snow. Upon entering the residence, officers observed Hill engaged in an altercation with Spencer and her son. They further noted both Spencer and her son had markings on their bodies from the incident. After the arrest, officers discovered Hill's prior convictions. This information is further corroborated by the arrest report. While Hill emphasizes Spencer's affidavit that her altercation with him was only verbal, and that her son escalated, it does not erase the remaining facts proffered and corroborated by the police report. Even construed in the light most favorable to Hill, the affidavit undermines only the allegation that he battered Spencer, and it does not refute that he struck her son or that he possessed a firearm.  We find the State met its burden that Hill committed a qualifying offense under section 110-6.1(e)(1).

¶ 20    Next, Hill claims the State did not meet its burden that he posed a real and present threat to any person or the community. He asserts the State's argument relied entirely on the narrative established in the proffer. Yet as mentioned above, the State may utilize its proffer to meet its burden. *Parker*, 2024 IL App (1st) 232164 at ¶ 37. In determining whether a defendant poses a real and present threat, based on the specific articulable facts of the case, the court shall consider a non-exhaustive list of factors, including: (1) the nature and characteristics of any offense charged; (2) the history and characteristics of the defendant including their prior criminal history indicative of violent, abusive, or assaultive behavior; and (3) whether the defendant is known to possess or have access to any weapon or weapons. 725 ILCS 5/110-6.1(g) (West 2024).

¶ 21    The proffer and the arrest report establish that officers observed Hill toss an unknown object, which they discovered was a loaded firearm with an extended magazine. Upon entry into the residence, Hill engaged in a confrontation, where it is undisputed he struck Spencer's son. After they arrested him, officers saw Hill had a previous conviction in 2009, which included a charge for AUUW. Hill's criminal history contained a 2013 arrest for domestic battery, where he allegedly choked and struck the victim, and a 2021 conviction for battery in Las Vegas. After reviewing the relevant statutory factors, we find the State met its burden to prove Hill presents a real and present threat under section 110-6.1(e)(2).

¶ 22    Finally, Hill asserts the State failed to show no conditions or combination of conditions could mitigate any potential threat he posed. Hill claims the State relied upon generalized assertions to show detention was necessary. It is not enough for the State to assert the bare allegations of a violent offense to show that no conditions or combination thereof could mitigate a defendant's threat to the community. *People v. Stock*, 2023 IL App (1st) 231753, ¶ 18. Rather, the State must present sufficient evidence regarding the specific scenario presented by the case,

including the nature and circumstances of the offense, the defendant's criminal history, the defendant's risk assessment score, and other considerations known at the time of the hearing that would allow the circuit court to determine whether release is appropriate. *People v. Mikolaitis*, 2024 IL 130693, ¶ 20. Furthermore, section 110-6.1(e)(3) does not prohibit the court from considering evidence that may come from a source other than the State, as the court would consider all evidence before it that is relevant and helpful in determining if the State met its burden. *Id*. at ¶ 22.

¶ 23    Here, at the initial detention hearing, the State noted following his previous conviction in 2009, which included an AUUW charge, the court prohibited Hill from possessing a firearm. Based on the specific facts of the case, he violated that prohibition. Furthermore, the state noted that lesser conditions, such as GPS tracking or home confinement would not prevent Hill from possessing a weapon. The State addressed these lesser conditions and argued the conditions would not be appropriate based on his criminal history and the facts of the case. This provided the court with enough information to consider whether release or detention was appropriate. While the State need not evaluate every potential release condition or explain why each would be inadequate, it is still obligated to present evidence enabling the court to determine the propriety of release. *People v. Cousins*, 2025 IL 130866, ¶ 30 (citing *Mikolaitis*, 2024 IL 130693, ¶ 20). Based on the evidence known to the State at the time of the hearing, it established that no condition or combination of conditions could mitigate the threat Hill posed under 110-6.1(e)(3).

¶ 24    Prior to the initial hearing, the court received three outstanding warrants – two for Hill's failure to appear in other cases and a third for resisting or obstructing a peace officer. Judge Przekota found in addition to the facts of this case, his behavior in his other cases shows his unwillingness to comply with lawful orders. Upon review of Hill's motion, Judge Atchinson

agreed, noting that Hill's prior convictions, alongside his failure to appear warrants indicate an unlikeliness to comply with the conditions of release. Ultimately, it is up to the circuit court to review the evidence presented and determine if there are conditions available to mitigate any threat posed by a defendant. *Mikolaitis*, 2024 IL 130693 at ¶ 24. Two separate judges found that because of his outstanding warrants and the fact he possessed a firearm following his 2009 conviction, Hill likely would not comply with any conditions of release. The court considered the specific allegations of the offense, the fact defendant possessed a weapon, highlighted defendant's criminal history, and concluded that the State met its burden by clear and convincing evidence. We do not find such a conclusion to be one with which "no reasonable person would agree." Accordingly, the court did not err.

¶ 25                                    CONCLUSION

¶ 26    The ruling of the circuit court is affirmed.

¶ 27    Affirmed.